**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **NOE GARCIA FRANCISCO #A236-962-671** | **CASE NO. 1:26-CV-03052 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ELEAZAR GARCIA JR ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is an "Emergency Motion for Temporary Restraining Order and Order to Show Cause" (Doc. 4) wherein Petitioner, Noe Garcia Francisco,[1] moves the Court pursuant to Federal Rule of Civil Procedure 65(b), 28 U.S.C. § 2241 and Local Civil Rule 65.1 for an Temporary Restraining Order arising from his alleged unlawful detention and/or removal while his Petitioner for Writ of Habeas Corpus is pending.

## BACKGROUND

Petitioner is a citizen and national of the Dominican Republic and is currently detained at the Winn Detention Facility located in the Louisiana. Petitioner entered the United States pursuant to a B-2 tourist visa on July 14, 2024. Petitioner alleges that he lives in Reading, Pennsylvania, and at some point initiated the process for legalizing his status. Petitioner was detained on July 31, 2026, by agents of the Immigration and Customs Enforcement ("ICE").

Petitioner alleges that he was erroneously informed that he had a removal order against him and that he was coerced into signing a request for voluntary departure.

[1] A#236962671.

Petitioner also alleges that "his alien number cannot be found in the system."[2] The Court has confirmed that Petitioner is being detained at the Winn Correctional Center,[3] and there is no pending case before the immigration court or the Board of Immigration Appeals.[4]

## LAW AND ANALYSIS

In his Emergency Temporary Restraining Order, Petitioner contends that he should be given the opportunity to "present any relief that has [sic] available to him, including an application for lawful permanent residence based upon his US Citizen spouse."[5]

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under

[2] Petitioner for Writ of Habeas Corpus, p. 12, Doc. 1.
[3] locator.ice.gov
[4] acis.eoir.justice.gov
[5] Emergency Temporary Restraining Order, p. 1, Doc. 4.

'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

First, there is no affidavit attached or a verified complaint that clearly shows that immediate and irreparable injury, loss, or damage will result to Petitioner before the adverse party can be heard in opposition. Additionally, Petitioner's attorney has not certified in writing of any efforts made to give notice and why it should not be required. As such, the requirements of Rule 65 have not been met.

Here, the bare allegations Petitioner has raised are insufficient to show a likelihood of success on the merits. Accordingly,

**IT IS ORDERED** that the Emergency Motion for Temporary Restraining Order and Order to Show Cause (Doc. 4) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 18th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**